# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

U.S.A. vs. CHARLES BUNCH                                Docket No. 3:00CR00083(EBB)

## PETITION ON PROBATION AND SUPERVISED RELEASE

**COMES NOW** Vicki M. Stackpole, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Charles Bunch who was sentenced to 57 months incarceration for a violation of 18 U.S.C.§ 922(g)(1), Possession of a Firearm by a Convicted Felon by the Honorable Ellen Bree Burns, Senior U.S. District Judge sitting in the court at New Haven, Connecticut on October 12, 2000, who fixed the period of supervision at three years which commenced on February 12, 2004 and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows: The defendant shall participate in any substance abuse treatment program, either in or outpatient, as deemed appropriate by probation which may include random urinalysis. The defendant shall pay all or some of the costs of any treatment as directed by probation.

On November 23, 2004, the conditions were modified to include the following special condition: The defendant shall reside for a period of six months, to commence when instructed, in a community confinement center and shall observe the rules of that facility. On April 13, 2005, the following special condition was added: The supervised releasee will be placed on home confinement for a period of three months with electronic monitoring, to be paid for by the offender. He will be permitted out of the home for work, medical appointments, probation appointments and church.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**
The defendant is being cited for violating the following conditions of supervised release:

Charge No. 1- Condition Violated:

Special Condition: "Supervised releasee will be placed on home confinement for a period of three months with electronic monitoring, to be paid for by the offender. He will be permitted out of the home for work, medical appointments, probation appointments and church."

As part of the home confinement program, Mr. Bunch is required to answer the phone and answer the door when called or visited by the probation officer. Further, is required to abide by a schedule so that his whereabouts are known. On June 14, 2005, repeated calls to the offender's residence went unanswered. A visit to the residence indicated no one was home. The defendant's employer confirmed Mr. Bunch was not expected into work until 1:30 p.m. His whereabouts were unknown.

FILED JUL -6 P 2:40

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve as a summons directing Charles Bunch to appear before this court at New Haven, Connecticut on July 14, 2005 at 9 P.m. at New Haven, Connecticut to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 6th day of July, 2005 and ordered filed and made a part of the records in the above case.

_____
The Honorable Ellen Bree Burns
Senior United States District Judge

Sworn to By

_Vicki M. Stackpole_
Vicki M. Stackpole
United States Probation Officer

Place  New Haven

Date  July 6, 2005

Before me, the Honorable Ellen Bree Burns, Senior United States District Judge, on this 6th day of July, 2005 at New Haven, U.S. Probation Officer Vicki Stackpole appeared and under oath stated that the facts set forth in this petition are true to the best of her knowledge and belief.

_____
The Honorable Ellen Bree Burns
Senior United States District Judge